Filed 8/22/25; Certified for Publication 9/15/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YVETTE RENEE GARCIA,<br><br>    Defendant and Appellant. | B335902<br><br>(Los Angeles County<br> Super. Ct. No. KA131804) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Affirmed as modified.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Defendant and appellant Yvette Renee Garcia challenges the trial court's denial of her motion for mental health diversion under Penal Code section 1001.36.[1] Garcia was charged with one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 1), one count of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 2), and one count of driving with a blood-alcohol level of at least .08 (Veh. Code, § 23152, subd. (b); count 3) for an incident where, while intoxicated, she deliberately rammed her car into that of another person with whom she was arguing. She concedes that Vehicle Code section 23640 renders her ineligible for diversion on the latter two counts, but she argues that the court could still have granted diversion on the assault charge.

We disagree and affirm. Vehicle Code section 23640 bars diversion "[i]n any *case* in which a person is charged with" a DUI offense. (*Id.*, subd. (a), italics added.) The charges against Garcia were part of a single case and a single course of conduct, and thus she is ineligible for diversion on all the charges.

## BACKGROUND ON PRIOR PROCEEDINGS

According to the Probation Department's report on the case, Pomona police officers reported that Garcia deliberately rammed her car into a victim's car after the victim refused to move it. A breath test conducted shortly thereafter showed that Garcia had a blood-alcohol concentration between .22 and .24.

After the trial court denied her request for mental health diversion, Garcia pleaded no contest to counts 1 and 3, and the

_____

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

2

court dismissed count 2.  The court imposed three years of formal probation on count 1,[2] during which Garcia was required to perform 45 days of community labor.  Pending completion of the community labor, the court stated that it would consider reducing the charge to a misdemeanor.  On count 3, the court also imposed three years of formal probation, including three days in jail, which Garcia had already served.

Garcia filed a timely notice of appeal, and the trial court issued a certificate of probable cause for an appeal following a guilty plea.

## DISCUSSION

Section 1001.36 provides an opportunity for pretrial diversion for defendants suffering from mental disorders where

---

[2] We requested supplemental briefing to address whether the court erred by imposing three years of probation on the assault charge in light of section 1203.1, subdivision (a), which limits the duration of probation to two years for most offenses.  We agree with both parties that this was error.  The error does not call into question the validity of Garcia's plea bargain, however.  The plea bargain called for Garcia to serve three years of probation, and a three-year probation term was indeed valid for Garcia's conviction for driving with a blood-alcohol concentration of at least .08.  (See Veh. Code, § 23600, subd. (b)(1).)  The only practical consequence of the additional year of probation for the assault charge is that Garcia could potentially face felony consequences if she violated the terms of her probation during the third year.  (See *People v. Saxton* (2021) 68 Cal.App.5th 428, 432-433.)  By ordering that the probation term for assault with a deadly weapon be reduced to two years, we may correct the error without disturbing the terms of Garcia's plea bargain or wasting additional judicial resources.

the "mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(2).) But "Vehicle Code section 23640 bars diversion in DUI cases" (*Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, 443),[3] and this general rule applies to newly enacted diversion programs such as mental health diversion. (*Id.* at pp. 447-450; *Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 575-579; see also *People v. Superior Court* (*Ortiz*) (2022) 81 Cal.App.5th 851, 881-885 [diversion under § 1001.95 is unavailable to defendants accused of DUI offenses]; *People v. Superior Court* (*Espeso*) (2021) 67 Cal.App.5th Supp. 1, 6-9 [same].) "The Legislature's 'unambiguous intent' in enacting" the predecessor to Vehicle Code section 23640 "was 'to prohibit pre- or postconviction stays or suspensions of proceedings' in DUI cases." (*Ortiz*, *supra*, at p. 860.)

Garcia acknowledges this case law and concedes she "was not eligible for mental health diversion" on the two DUI-related

---

[3] The statute provides: "In any case in which a person is charged with a violation of [Vehicle Code s]ection 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program." (Veh. Code, § 23640, subd. (a).)

counts. Nevertheless, she argues that "Vehicle Code section 23640 and section 1001.36 should be interpreted in a manner that allows diversion eligibility for other offenses charged in the same accusatory pleading where the elements of those offenses are unrelated to driving under the influence." Garcia argues that a blanket ban on diversion based on a single DUI count might violate her right to equal protection. She contrasts her own case with that of a hypothetical defendant who commits a DUI offense on one day, followed by another unrelated offense shortly thereafter. The eligibility of such a defendant for diversion would depend solely on whether or not the two offenses happened to be charged in a single accusatory pleading. In Garcia's view, this would result in treating similarly situated defendants differently with no rational basis for the distinction.

Garcia has raised an intellectually interesting point, but it has nothing to do with her case. Garcia was charged with both DUI and non-DUI offenses, but she does not deny that all the charges arose from a single alleged action, when she drove her vehicle with a blood-alcohol concentration over .08 and deliberately assaulted another driver with that vehicle. It was no accident that the People charged all three counts in a single accusatory pleading, and the Legislature could have rationally determined that to achieve its purpose of barring DUI offenders from diversion, it was necessary to treat offenses committed in conjunction with a DUI in the same way, especially if substance abuse contributed to the non-DUI offense. " 'If a plausible basis exists for' " allowing diversion for certain offenders while denying it to others, " 'courts may not second-guess its " 'wisdom, fairness, or logic.' " ' [Citation.] '[T]he logic behind a potential justification need [not] be persuasive or sensible—rather than simply

5

rational.' " (*People v. Hardin* (2024) 15 Cal.5th 834, 852, fn. omitted.) We need not consider hypothetical situations unrelated to Garcia's case: "If [a] defendant cannot demonstrate that the law is unconstitutional as applied to [her] and others similarly situated, [she] has necessarily failed to demonstrate that the law is unconstitutional on its face." (*People v. Williams* (2024) 17 Cal.5th 99, 121.)

Moreover, Vehicle Code section 23640 states that "[*i*]*n any case* in which a person is charged with a violation of [Vehicle Code s]ection 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate . . . in any . . . education, training, or treatment programs." (*Id.*, subd. (a), italics added.) Both in ordinary usage and in California criminal law, the term "case" refers to a single proceeding against a defendant, which may include one or more charges. (See, e.g., §§ 691, subd. (f) [" '[f]elony case' means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony"], 954.1 ["[i]n cases in which two or more different offenses of the same class of crimes or offenses have been charged together in the same accusatory pleading"], 1192.6, subd. (a) ["[i]n each felony case in which the charges contained in the original accusatory pleading are amended or dismissed"]; Cal. Rules of Court, rule 4.200(a)(1) ["[a] brief outline of the nature of the case, including a summary of the criminal charges"].) Similarly, in *People v. Saxton*, *supra*, 68 Cal.App.5th 428, where the defendant was convicted of misdemeanor driving under the influence, which requires a minimum probation term of three years (see Veh. Code, § 23600, subd. (b)(1)), and another offense

6

for which the maximum probation term was two years, the court held that the three-year minimum prevailed because "a trial court must make a probation suitability determination based on the case as a whole, not discrete convictions." (*Saxton*, *supra*, at p. 432.)  The prosecution of Garcia was a single "case," under any reasonable definition of the term, and thus she was ineligible for diversion on any of the three counts.[4]

## DISPOSITION

The judgment is modified to reduce the term of probation for assault with a deadly weapon to two years, thereby clarifying that Garcia cannot suffer felony consequences for violating her terms of probation during the third year.  As modified, the judgment is affirmed.  The trial court is directed to amend the abstract of judgment to reflect this modification, and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

WEINGART, J.

We concur:

BENDIX, Acting P. J.            M. KIM, J.

---

[4] Because we discern no ambiguity in the statute, we reject Garcia's argument that the rule of lenity requires finding her eligible for diversion on the assault charge.

Filed 9/15/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B335902 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA131804) |
| v. | |
| YVETTE RENEE GARCIA, | ORDER CERTIFYING FOR PUBLICATION |
| Defendant and Appellant. | |

The opinion in the above-entitled matter filed on August 22, 2025, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

WEINGART, J.          BENDIX, Acting P. J.          M. KIM, J.